COMMITTEE TO PRESERVE AMERICAN COLOR TELEVISION (A.K.A. COMPACT) ET AL., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Before MALETZ, *Judge.*

Court No. 81-3-00258

(Dated March 8, 1982)

MALETZ, *Judge:* Defendant moves under rule 26(c) for a protective order relieving it of the need to comply with plaintiffs' request to be furnished copies of certain computer printouts prepared by the Customs Service, the Department of Commerce and/or the Office of the United States Trade Representative in connection with the administration of T.D. 71-76. The printouts in question, as defendant points out,

> Relate to two separate periods of time—1978-79 and 1980. They contain either the basic input data or the results of computer calculations. The 1978-79 results show total figures for foreign market value, purchase price or exporter's sales price or antidumping duties due either per entry or for a particular importer. The 1980 results show the total estimated antidumping duty due of $138.7 million * * *.

Defendant argues that plaintiffs have failed to show the relevance of the requested printouts; that in any event the materials are available for inspection at the Department of Commerce; and that plaintiffs have failed to show a need to be furnished copies thereof. In this last regard, defendant states that the request for copies would constitute an undue burden since it estimates that the cost of reproduction is at least $2,000.

Plaintiffs, on the other hand, contend that the printouts are extremely relevant and will be offered in evidence at trial; that they must be examined in great detail to prepare for depositions and trial, that the request is not burdensome; and that plaintiffs will be prejudiced if they are not provided with copies of the printouts.

Rule 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *." On this aspect, discovery to date has established that the computer study in question was a means by which the government calculated that the maximum amount of dumping duties that could be claimed was $138.7 million. This in turn was a key factor in the settlements on April 28, 1980 for $77 million. Thus, the court is persuaded that the printouts in question are relevant in this action. What is more, any burden on defendant necessitated by the cost of reproduction will be avoided by requiring plaintiffs to pay for such cost.

The court therefore orders as follows:

1. Defendant's motion for a protective order is denied.

2. Defendant shall reproduce and deliver to plaintiffs copies of the computer printouts in question within 15 days of the date of this order on condition that plaintiffs pay defendant for the cost of reproduction.